IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BONNIE J. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3277-SSA-CV-S-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Bonnie Williams seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. She claims she became disabled beginning on July 15, 2002. The parties' briefs were fully submitted, and on May 1, 2007, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Claimant Bonnie Williams was born in 1967, is married and has four children.  She has a ninth grade education and formerly worked as a telemarketer and nurse's aide.  She is five feet two inches tall and weighs approximately 260 pounds.  She claims she is disabled because of her left hip and her thyroid condition.  She states her hip limits her ability to walk, stand and sit, and she falls asleep due to her thyroid.

After considering the evidence, the Administrative Law Judge (ALJ) found claimant had tendinitis/bursitis of the shoulders; right carpal tunnel syndrome; obesity; bursitis of the hip; low back pain; and tendinitis of the elbow.  The ALJ then concluded that claimant retained the residual functional capacity to return to her past work as a telemarketer as it is generally

2

performed in the national economy (semi-skilled work that requires a sedentary level of exertion).

In her request for judicial review, Williams asserts the ALJ erred in not crediting the opinion of a treating source, Leta Hohl. Ms. Hohl is a family practitioner who treated claimant between 2002 and 2005. Nurse Hohl ordered medication and diagnostic tests, and referred claimant to the appropriate specialists when she felt it was warranted. Williams believes the medical records support Nurse Hohl's opinion, as set forth in a medical source statement, and the only opinion which contradicts Hohl is that of a one-time examiner.

Williams also argues that the ALJ erred in discounting claimant's credibility and in concluding she could return to her former work.

On review, this court must consider whether there is substantial evidence on the record as a whole to support the decision of the Commissioner. In reaching a decision, the ALJ appears to have adopted the opinion of Dr. Woodward to establish claimant's residual functional capacity. Dr. Woodward is a one-time examining physician. "[T]he results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his decision." Cox v. Barnhart, 345 F.3d 606, 608 (8th Cir. 2003). Further, the ALJ appears to have given little, if any, weight to the opinion of Nurse Hohl. While nurse practitioners are not "acceptable medical sources" within the regulations, they are listed as "other" sources and should be afforded some weight.

During oral argument, claimant stressed that she had limited funds, was on Medicaid, and went to an available clinic which accepted Medicaid patients, but did not give patients a choice of whom they got to see. Presumably, claimant was attempting to get medical care and not attempting to make a record for disability purposes. Thus, she should not be penalized because her primary medical care was dispensed by a nurse practitioner, and that was the person best suited to issue an opinion on what she could do.

Nevertheless, the court is mindful that under the regulations, a nurse practitioner is not an acceptable medical source and the results of a one-time medical evaluation cannot constitute substantial evidence on which to base a decision. The record in this case includes considerable evidence that Williams was being treated for chronic pain with narcotic medications, heat, a TENS unit and rest, and that she had been referred to and seen by a specialist at a pain clinic.

She was short and considerably overweight, was diagnosed with bursitis, and testified to limited daily activities. The record does not indicate why she stopped taking medication for her thyroid condition, but it was suggested at oral argument it was because of a lack of funds to pay for it.

On the other hand, there was some evidence that she may have walked around Silver Dollar City, was noncompliant with the recommendations of her treating physicians, and that she obtained relief from treatment. Likewise, there does not appear to be much objective evidence to indicate what causes her pain.

The ALJ found she had the residual functional capacity to stand/walk for six hours in an eight-hour workday, and to sit for less than six hours in an eight-hour workday, yet determined that she could perform sedentary work. In light of Williams' weight, which appears to have been given little consideration, the court is not convinced the record supports the conclusion claimant could stand/walk for six hours in an eight-hour day or that she could perform sedentary work but could sit for less than six hours.

The Eighth Circuit has repeatedly held that "the inquiry must focus on the claimant's ability 'to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.'" Tang v. Apfel, 205 F.3d 1084, 1086 (8th Cir. 2000). In this case, it appears additional evidence and/or evaluation need to occur to determine whether claimant has that capacity.

After carefully considering the record as a whole, the court does not find there is substantial evidence to support the ALJ's decision. Likewise, the court does not find there is substantial evidence to reverse the ALJ's decision and to award benefits. Accordingly, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further development of the record, including additional medical evaluation, and for reconsideration.

Dated this 10th day of May, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4